UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

DAVID SKINNER,

    Plaintiff,

v.

KELLY FORD, INC.,
a Foreign Profit Corporation, and
KELLY INFINITI OF MELBOURNE, INC.
a Florida Profit Corporation

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID SKINNER ("Skinner" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, KELLY FORD, INC. ("K-FORD" or "Defendant"), a Foreign Profit Corporation, and KELLY INFINITI OF MELBOURNE, INC.("K-INFINITI" or "Defendant")a Foreign Profit Corporation (collectively, hereinafter, "Defendants") as joint employers, for unpaid overtime compensation and hereby states as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*, hereinafter called the "FLSA") to recover from Defendant overtime compensation, an additional

equal amount as liquidated damages, actual and compensatory damages, including front pay and back pay and emotional distress damages, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

2. Venue is proper in this Court, as the illegal conduct complained of and the resultant injury occurred in Melbourne, Florida (Brevard County).

## PARTIES AND FLSA COVERAGE

3. At all times material hereto, Plaintiff was a resident of Brevard County, Florida.

4. At all times material hereto, Defendant, "K-FORD" was and continues to be, a Foreign Profit Corporation located in Melbourne, Brevard County, Florida, and continues to be engaged in business in Brevard County, Florida.

5. At all times material hereto, Defendant, "K-INFINITI" was and continues to be, a Florida Profit Corporation located in Melbourne, Brevard County, Florida, and continues to be engaged in business in Brevard County, Florida.

6. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, but not for purposes of the Motor Carrier Act.

7. At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA, but not for purposes of the Motor Carrier Act.

8. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

9. At all times material hereto, Defendants were the "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendants were, and continue to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

11. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

12. Based upon information and belief, the annual gross revenue of Defendants, during all times relevant, individually, and jointly were and are in excess of $500,000.00 *per annum* during the relevant time periods.

13. At all times relevant hereto, Defendants were and are primarily engaged in automotive sales and service industry in, among other places, Brevard County, Florida.

14. At all times material hereto, Defendants had two (2) or more employees

handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

15. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants, in that Defendants could not operate its business without Service Advisors such as Plaintiff.

## STATEMENT OF FACTS

16. Plaintiff worked as a salary paid "Service Advisor" for Defendants from March 2018, until his unlawful termination on or about October 21, 2021.

17. Defendants wrongly designated Plaintiff as an exempt employee and continued to designate him as such until his termination.

18. Throughout his employment with Defendants, Plaintiff was paid a weekly salary of $650.00, regardless of how many hours he worked in each work week, even though he was scheduled to work at least 65 hours in every workweek.

19. Defendants never paid Plaintiff an overtime premium, no matter how many hours in excess of forty (40) he worked in a given work week.

20. Plaintiff had no authority to hire or fire employees of Defendants.

21. Plaintiff had no authority to discipline employees of Defendants.

22. Plaintiff had no authority to set rates of pay for other employees or agents of Defendants.

23. Plaintiff had no input into performance reviews of other employees or agents of Defendants.

24. Plaintiff was closely supervised by Defendants' managers and supervisors.

25. Plaintiff followed procedures established by Defendants and did exactly as he was instructed to do.

26. Plaintiff's primary duties as a Service Advisor for Defendants was to act as a liaison between the service staff and customers who bring their vehicle in for repair.

27. Additionally, they help customers with their repairs needs, ordering parts, and scheduling repair appointments.

28. Plaintiff did not have the right to control how to perform his job.

29. Plaintiff did not have an opportunity for profit or loss depending on his skill.

30. Plaintiff's work for Defendants constituted an essential part of Defendants' business.

31. Throughout Plaintiff's employment, Defendants' regularly required Plaintiff to work in excess of forty (40) hours per week.

32. Plaintiff regularly worked an average of sixty-five (65) hours per week

for Defendants during his employment with Defendants.

33. When Plaintiff worked more than forty (40) hours in a given work week, Defendants failed to properly pay him for all overtime hours worked.

34. Defendants paid Plaintiff only his weekly salary of $650.00 for overtime hours that he worked during his employment.

35. Plaintiff should have been compensated at the rate of one-and-one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

36. Plaintiff performed non-exempt duties for Defendants and was therefore entitled to be compensated for overtime work.

37. Plaintiff was not exempt from entitlement to overtime wages under the FLSA and should have been paid his full and proper overtime compensation.

38. On or about October 21, 2021, Plaintiff objected to his manager, that Defendants were unlawfully deducting wages from his weekly paychecks for service repair issues.

39. By objecting to Defendant's illegal pay practices in this regard, Plaintiff engaged in protected activity as defined by 29 U.S.C 215(a)(3) of the FLSA.

40. Later that same day, Defendants informed Plaintiff that he was terminated for not executing a wage deduction form and decided to terminate his

employment, effective immediately.

41. Defendants terminated Plaintiff's employment for engaging in protected activity under the FLSA.

42. The proximity between the time Plaintiff complained about the illegal conduct at issue, and the time he was fired was less than one (1) day. Therefore, there is a sufficient nexus of time between the protected activity and the termination.

43. Defendant's reason(s) for terminating Plaintiff were pretextual and not based upon any legitimate issue with his job performance.

44. Defendant terminated Plaintiff's employment because Plaintiff objected to Defendant's non-payment and/or underpayment of an overtime premium under the FLSA.

45. Plaintiff has been damaged as a result of Defendants' retaliation and termination of his employment.

46. As a result of Defendants' unlawful and retaliatory termination of his employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

47. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA, throughout his employment.

48. Defendants' violated Title 29 U.S.C. §207 in that:

    (a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendants;

    (b) No payments or provisions for payment, or insufficient payments or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for **all** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

    (c) Defendant failed to maintain proper time records as mandated by the FLSA.

49. Prior to violating the FLSA, Defendants did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

50. Prior to violating the FLSA, Defendants did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

51. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the

FLSA.

52. Based on the allegations above, Plaintiff is entitled to liquidated damages, as Defendants have no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

53. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 207 OVERTIME COMPENSATION

54. Plaintiff reincorporates and re-alleges paragraphs 1 through 53 of the Complaint as though fully set forth herein, and further alleges as follows:

55. Plaintiff is entitled to be paid time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

56. During Plaintiff's employment with Defendants, Plaintiff regularly worked overtime hours, but was not paid full and proper time-and-one-half compensation for all hours worked.

57. Plaintiff was not an exempt employee as defined by the FLSA.

58. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time-and-one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff

has suffered damages plus incurring reasonable attorneys' fees and costs.

59. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant, and that this Court:

    a. Declare, pursuant to the FLSA, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Award Plaintiff overtime compensation in the amount due to him for time worked in excess of forty (40) hours per work week;

    c. Award Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Award Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Award Plaintiff pre-judgment interest; and

    f. Award Plaintiff any other and further relief that this Court deems just and proper.

**COUNT II**
**UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)**

60. Plaintiff reincorporates and re-alleges Paragraphs 1 through 59 of the Complaint as though set forth fully herein, and further alleges as follows:

61. Plaintiff objected to Defendants' illegal pay practices and asserted violations of the FLSA.

62. Later that very same day, Defendants' illegally terminated Plaintiff from his employment in violation of 29 U.S.C. § 215(a)(3).

63. In retaliation, Defendants' terminated Plaintiff's employment because Plaintiff objected to Defendants' non-payment and/or underpayment of an overtime premium under the FLSA, and because of his other objections to Defendants' violations of the FLSA.

64. Plaintiff's employment was terminated by Defendants for no other reason than his objections to Defendant's illegal pay practices and illegal wage deductions.

65. As a result of Defendants' intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

66. The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against

an employee because such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3).

67. In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing to *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff requests that this Court enter a judgment in his favor and against Defendants for his actual and compensatory damages, including front pay and back pay and emotional distress damages, for liquidated damages, as well as for his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by

jury.

Dated this 13th day of January, 2022.

                                        Respectfully submitted,

***/s/ Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:
noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*